# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| vs. | : | DOCKET NO.: 0422 2:16CR00076-001 |
| | : | |
| | : | |
| AMY L. PLANCH | : | |

## POSITION OF THE DEFENDANT WITH RESPECT TO SENTENCING FACTORS

**COMES NOW** the Defendant, Amy L. Planch, by counsel, pursuant to Section 6A1.2 of the *Sentecing Guidelines and Policy Statements,* and the Court's Sentencing Procedure Order, and states her position with respect to the sentencing factors, as set forth in the Defendant's Pre-Sentence Report. After a review of the report and a conference with the Probation Officer, there are factors or facts material to guidelines computation in dispute.

On June 30, 2016, in accordance with the terms of a written Plea Agreement, Ms. Planch appeared before The Honorable Douglas E. Miller and pled guilty to the One count, of Evasion of income Tax Assessment, in violation of 26 U.S.C. 7201, during the calendar year 2012.

The advisory guideline range for one count is 30-37 months, in Zone D. This guideline range is based upon a base offense level of 16, 2T (Base Offense Level for Loss amount of more than $100,000.00 and less than $250,000.00, under Tax Table at U.S.S.G. 2T4.1). Plus 2 points, 2T1.1(b)(1) - Offense involved income in excess of $10,000.00 from criminal activity. Plus 2 points, 3B1.3 - Abuse of Trust. Plus 2 points for Obstruction of Justice, USSG Section 3C1.1,. The Defendant received minus 3 points for Acceptance of Responsibility. Total Offense Level

-1-

19, combined with Criminal History Category 1 = 30-37 months., USSG Section 3C1.1,.

However , the additional 2 points for the Enhancement for Obstruction of Justice is seemingly unfair and somewhat in contradiction to the minus one point for Assistance to Authorities.  The guideline calculation should be a total of 17 as opposed to 19 with a guideline range of 24-30, Zone D.  The United States is in agreement and thus the 2 point enhancement, pursuant to Section 3C1.1, should not apply to her sentencing guidelines calculation.  In addition, that position was stated in the Plea Agreement.  The parties understand that this agreement is not binding on the Probation Office or the Court.

## ARGUMENT

The Defendant, wishes to present to the Court why this enhancement should not apply in this instance.  The Defendant's attorney is prepared to present an oral presentation, to the Court at Sentencing.  In short, however, the Defendant, Amy Planch, had no input or influence in the preparation of the documents or the legal strategy behind the preparation of documents and after a full disclosure to the United States Attorney, they are in agreement that this enhancement should not be applied and further our position is clear that these documents were not fradulent and, in fact, were never applied to the case.

The Defendant has no prior criminal history.  Ms. Planch has been remorseful and cooperative throughout this procedure and accepted responsibility without question.  Ms. Planch has suffered embarrassment, family strife and conflict because of her admitted offense, the possibility of separation from her 13 year old Daughter, Madison Lynn Doxey, who at 13 years old critically needs the day to day stability that her Mother provides.  Her Husband, Kenneth Planch a Commended Retired Disabled Military Veteran whose son sufffers from terminal

pancreatic cancer, and states that he does not know where he would be without his wife.

There is no substance abuse and Ms. Planch submitted a urine screen to the U.S. Probation Officer on June 30, 2016, that was negative for any controlled substance.

In addition, Ms. Planch's life has been, (with the exception of her her recent offense), within the law, she has been a productive member of society with an ethic of hard work and commitment to her community and family.

The Internal Revenue Service is the victim in the instant offense. The IRS that has suffered loss because of Ms. Planch's offense will be made whole.

The Defendant also will file true and correct tax returns for the years 2010 to 2015 within a reasonable time in accordance with a plan to be devised by the Probation Office. The defendant further agrees to make all books, records and documents available to the Internal Revenue Service for use in computing the defendant's taxes, interest and penalties for the years 2010 to 2015.

The Sentencing Guideline are no longer mandatory, *Untied States v. Booker, 543 U.S. 220, 260-61 (2005)*. Since *Booker*, the Supreme Court has consistently and significantly broadened the range of choice in sentencing dictated by the facts of the case. *See Gall v. United States, 552 U.S. 38, 59 (2007)(*finding a sentence outside the Guideline to be reasonable); *see also Kimbrough v. United States, 552 U.S. 85 (2007)* (noting that the courts may vary from Guidelines ranges based solely on policy consideration, including disagreements with the Guidelines); *Rita v. United States, 551 U.S. 351 (2007) (*holding that a district court may consider arguments that "the Guideline sentence in itself fails to reflect Section 3553(a) considerations"); and *Cunningham v. California, 549 U.S. 270, 286 (2007)* (stating that judges are no longer bound

by the Guidelines, but are required to consider them along with the sentencing goals in 18 U.S.C. Section 3553(a). These cases, *Booker, Gall, Kimbrough, Rita and Cunningham* - "mean that the district court is free to makes its own reasonable application of the Section 3553(a) factors, and to reject (after due consideration) the advice of the Guidelines." *Kimbrough, 552 U.S. at 113 (Scalia, J., concurring).*

The District court "may not presume that the Guidelines range is reasonable," but must "make an individualized assessment based on the facts presented." *Gall, 552 U.S. at 50*. If the court decides that an outside-Guidelines sentence is warranted, the court must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of variance, *Id*. The Supreme Court has rejected, however, the notion that "extraordinary circumstances [are required] to justify a sentence outside the Guidelines range" and rejected "the use of rigid mathematical formula that uses the percentages of a departure as the standard for determining the strength of the justifications required for a specific sentence. *Id.* At 47.

While sentencing courts must continue to consider the Guidelines, Congress has required federal courts to impose the least amount of imprisonment necessary to accomplish the purposes of sentencing as set forth in 18 U.S.C. Section 3553(a). Those factors include (a) the nature and circumstance of the offense and the history and characteristics of the defendant; (b) the kinds of sentences available; (c) the advisory guideline range; (d) the need to avoid unwarranted sentencing disparities; (e) the need for restitution; and (f) the need for the sentence to reflect the following: the seriousness fo the offense, promotion of respect for the law and just punishment for te offense, provisions of adequate deterrence, protection of the public from future crimes and providing the defendant with needed educational or vocational training, medical care, or other

correctional treatment.  *See 18 U.S.C. Section 3553:(a); see also Kimbrough, 552 U.S. at 101.*

The sufficient-but-not-greater-than-necessary requirement is often referred to as the "parsimony provision""this requirement is not just another factor to be considered along with the others" set forth in Section 3553(a)-it sets an independent limit upon the sentence.

Ms. Planch's imprisonment could well result in undue hardship on her daughter and the entire unity of her family.  The defendant has the responsibility to care for her aging mother who is 91 years of age.   A sentence that would include home detention would be a punishment sufficient but- not- greater- than- necessary and would not harm the public or prevent the instant victim from recouping any monetary loses, further, this would allow a non-violent defendant to continue her positive contribution to society.

## CONCLUSION

The advisory guideline range for Count One exceeds a sentence :sufficient, but-not-greater-than-necessary," to comply with 18 U.S.C.  Section 3553(a) and promote the purposes of sentencing.  **THEREFORE**, Ms. Planch, by counsel, respectfully requests this Honorable Court, with humble apologies for her offense, to impose a sentence below the advisory guideline range.

                                              **RESPECTFULLY SUBMITTED.**

                                              **AMY L. PLANCH**

                                              By: _____/s/_____
                                                   Franklin A. Swartz
                                                   Attorney for Amy L. Planch
                                                   Virginia State Bar Number: 4352
                                                   Swartz, Taliaferro, Swartz and Goodove, P.C.
                                                   220 West Freemason Street
                                                   Norfolk, Virginia 23510

Telephone Number: (757) 275-5000
Fax: (757) 626-1003
Susie@stsg-law.com

**CERTIFICATE OF SERVICE**

　　　　I hereby certify that on the 7st Day of November, I electronically filed the foregoing with the Clerk of the Court using CM/ECG system, which will then send notification of such filing (NEF) to the following:

Assistant United States Attorney
V. Kathleen Dougherty, Esquire
101 Main Street, Suite 8000
Norfolk, Virginia 23510
(757) 441-6331

　　　　And I certify that I will e-mail the foregoing to the following non-filing user:

Jeffrey A. Noll
Senior United States Probation Officer
827 Diligence Drive, Suite 210
Newport News, Virginia 23606
(757) 223-4663

By: 　　　　　　/s/　　　　　　
Franklin A. Swartz
Attorney for Amy L. Planch
Virginia State Bar Number: 4352
Swartz, Taliaferro, Swartz and Goodove, P.C.
220 West Freemason Street
Norfolk, Virginia 23510
Telephone Number: (757) 275-5000
Fax: (757) 626-1003
Susie@stsg-law.com