IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. 2:16cr76 |
| | ) | |
| AMY L. PLANCH, | ) | |
| | ) | |
| Defendant. | ) | |

### POSITION OF THE UNITED STATES WITH RESPECT TO SENTENCING AND MOTION TO GRANT DEFENDANT ADDITIONAL ONE-LEVEL DECREASE FOR ACCEPTANCE OF RESPONSIBILITY

The United States of America, through its attorneys, Dana J. Boente, United States Attorney, and V. Kathleen Dougherty, Assistant United States Attorney, hereby submits its position with respect to the defendant's sentencing factors. In the Presentence Investigation Report (PSR) prepared in this matter, the United States Probation Office determined the applicable guidelines range to be a term of 30 to 37 months of imprisonment, based upon an Offense Level Total of 19 and a Criminal History Category of I. In accordance with Section 6A1.2 of the Sentencing Guidelines Manual and this Court's policy regarding sentencing, the United States represents that it has reviewed the PSR and has conferred with defense counsel and the United States Probation Officer assigned to this matter.

The parties have one joint objection to the PSR pertaining to the assignment of a two-level enhancement for the defendant's purported obstruction of justice. If sustained, Ms. Planch's advisory guidelines range would shift to 24 to 30 months' incarceration. The United States respectfully submits that a sentence at the low-end of the applicable guidelines range is sufficient, but not greater than necessary, to accomplish the goals of 18 U.S.C. § 3553(a).

**I.      Background**

On May 17, 2016, the defendant was named in single-count Criminal Information charging her with Evasion of Income Tax Assessment, in violation of 26 U.S.C. § 7201.  On June 30, 2016, Ms. Planch appeared before United States Magistrate Judge Douglas E. Miller and pleaded guilty to the charge pursuant to a written plea agreement with the government.  Magistrate Judge Miller accepted the defendant's plea and continued the case pending the completion of a PSR.  Ms. Planch has not been found or adjudged guilty.

**II.     Motion for Acceptance of Responsibility**

The United States moves this Court, pursuant to U.S.S.G. § 3E1.1(b), to grant an additional one-level reduction in the defendant's offense level for acceptance of responsibility.  The defendant assisted authorities in the investigation and prosecution of her own misconduct by timely notifying the United States of her intention to enter a plea of guilty, thereby allowing the government to avoid preparing for trial and permitting the United States and the Court to allocate their resources efficiently.

**III.    Outstanding Objection**

Pursuant to U.S.S.G. § 3C1.1, the defendant has been assessed a two-level increase in her offense level total for willfully attempting to obstruct justice.  This enhancement has been triggered because of Ms. Planch's attempt in April 2016 to have her brother and father sign a series of Consents in Writing that purported to document previously undocumented loans from The Border Station to Ms. Planch, her brother, her father, and a series of related companies.  These Consents in Writing, which had been prepared by one of Ms. Planch's counsel, contained information inconsistent with the statement of facts she signed in conjunction with her plea of guilty on this offense in June 2016.  Because the Consents in Writing were contradictory to the

facts supporting her plea of guilty, she has been assessed a two-level enhancement. PSR ¶¶ 14, 21.

An enhancement under § 3C1.1 is to apply when a defendant has willfully engaged in conduct designed to obstruct or impede the investigation, prosecution, or sentencing of her offense of her conviction. Conduct to which this enhancement should be applied can "vary widely" and is not subject to precise definition. U.S.S.G. § 3C1.1 cmt. n.3. The Guidelines do contemplate, however, that a defendant's production or attempted production of a false or counterfeit document during an official investigation would warrant an obstruction of justice enhancement. U.S.S.G. § 3C1.1 cmt. n.4(C). Conduct such as making false statements, not under oath, to law enforcement officers that did not significantly obstruct or impede the investigation or prosecution of the offense, however, is typically not conduct covered by this enhancement. U.S.S.G. § 3C1.1 cmt. n.4(B).

For two primary reasons, the United States agrees with the defendant that this enhancement should not apply to her attempt to have her brother sign the Consents in Writing. First, these inaccurate documents were not prepared by the defendant, and there is no indication that she read them, or understood their contents. Rather, according to her counsel, she was acting at his suggestion and in an effort to document her theory of the case. Thus, the United States submits that the defendant did not willfully attempt to impede the investigation or prosecution of her offense, but just acted as under advice of her counsel.

Additionally, shortly after this episode with the Consents in Writing, the defendant signed a Statement of Facts admitting to her involvement in the offense and confirming that she had taken the monies from the Border Station without authorization – not pursuant to a loan. She has accepted responsibility for her crime and has received credit for the same, thus an enhancement

3

for her purported attempts to *willfully* obstruct justice are misplaced. As such, the government agrees with defense counsel that this enhancement should not apply.

**IV.     Position on Sentencing and Argument**

The government respectfully submits that a sentence at the low-end of the applicable guidelines range does fulfill the purposes of sentencing, and such a sentence is supported by the Section 3553(a) factors.

   A.     Nature and Circumstances of the Offense

Along with her father and brother, the defendant owned and operated The Border Station – a retail store, gas station, and restaurant on the border of Virginia and North Carolina. She worked at the store in various capacities between its opening in 1998 and 2013, but primarily served as the bookkeeper and Chief Financial Officer. Beginning as early as 2010, Ms. Planch abused her position of trust within her family's business and began to transfer hundreds of thousands of dollars of Border Station monies to accounts she controlled. She transferred some funds to accounts associated with a gift shop she and her husband owned; others she moved directly into her own personal accounts. Her theft was not as simple as direct transfers, though. In order to prevent, delay, or distract anyone looking closely at The Border Station's accounts from discovering her illicit actions, Ms. Planch also took steps to obfuscate her theft by making transfers back and forth between The Border Station accounts, her personal accounts, and her gift shop's accounts.

The defendant's theft came to light in the fall of 2012 when her father – as President of The Border Station – was contacted by his bank about a shortfall in deposits into the business's payroll account. When he turned to Ms. Planch to provide him with information pertaining to the business's payroll account, she refused to cooperate with him. Shortly thereafter, he went

4

directly to the bank and asked to review monthly statements for The Border Station's bank accounts. What he saw shocked him: hundreds of thousands of dollars in transfers to Ms. Planch's personal and business accounts.

In the spring of 2013, with the realization that her three years of theft had been discovered, Ms. Planch took some extraordinary measures to dissuade her father from taking steps to pursuing charges against her and to cast doubt on any allegations he might make. First, she had him involuntarily committed in Camden County, North Carolina, alleging him to be mentally ill and dangerous to himself and others. Thankfully, he was released promptly. Then, as recounted in the statement of facts, Ms. Planch travelled to the FBI headquarters in Chesapeake, Virginia, and attempted to implicate her father in a variety of illegal activities, including gambling, drug deals, bank fraud, and brandishing a firearm. While there, the defendant told the agents with whom she met that she had transferred money from The Border Station, but that it was with her father's consent. Despite her efforts, however, Planch's father did uncover the full scope of her fraud when he hired an external accounting firm to review the company's books. As a result of this review, the accounting firm issued an IRS Form 1099-MISC to the defendant to account for the monies she took from the Border Station without authorization. Since that document was issued, Ms. Planch has chosen not to file her income tax returns.

The amount Ms. Planch unlawfully transferred from her family's business is simply staggering. Over a three-year period, she transferred just shy of $1,000,000 to her accounts for her own uses. These monies were used to pay her credit card bills, satisfy her monthly mortgage payment, buy vehicles, take personal trips, attend sporting events, and buy clothing and jewelry.

As she did not report any of her stolen funds on her income tax returns for 2010, 2011, or 2012, she evaded significant sum of income tax due, as forms the basis for her conviction.

The length of Ms. Planch's theft, the repeated nature of her choices to transfer funds illicitly, the significant sum she took without authorization, the extra steps she took to muddle the nature of her transfers, and her disturbing attempts to cast aspersions on father are all hallmarks of the seriousness of her offense, and weigh in favor of a significant term of incarceration and a sentence within the properly-calculated advisory guidelines range.

      B.     <u>History and Characteristics of Ms. Planch</u>

This 50 year old defendant is a lifelong resident of North Carolina who was provided with a comfortable, supportive, middle-class upbringing. He parents ensured she had a very good childhood filled with educational opportunities, extracurricular activities, and quality relationships. She has similarly found strong relationships as an adult – both with her spouses and, importantly, her teenaged daughter. Ms. Planch graduated from high school without problem and took some college courses, and has had a solid record of employment since finishing her formal education. When her family opened The Christmas Shoppe, she went to work with her family full-time – and eventually gained so much responsibility within the company that it provided her the ability to control the company's finances and, ultimately, steal nearly a million dollars to which she was not entitled and on which she did not pay taxes.

Ms. Planch is physically, mentally, and emotionally healthy. She has no substance use or abuse problems and, to her great credit, has no criminal history whatsoever. Her theft from The Border Station, then, is inconsistent with her past – but given the long span of time over which she illegally transferred funds – can hardly be said to be a single aberrant act. Ms. Planch's history and characteristics as a defendant offer little in the way of mitigation or explanation for

her crime, and thus little grounds upon which to depart from the properly calculated advisory sentencing guidelines range.

   C.  <u>Additional Factors to be Considered Under 18 U.S.C. § 3553(a)</u>

Ms. Planch is facing a statutory maximum term of 5 years imprisonment and, if the Court sustains the objection pertaining to obstruction of justice, an advisory guidelines range of 24 to 30 months. As part of her plea agreement, she has agreed to pay restitution of approximately $240,692.45 to the IRS – the total amount of tax assessments she evaded between 2010 and 2012.[1] Ms. Planch likely presents a low risk of recidivism because it was her unique position within her family business that enabled her to commit this particular crime. The seriousness of this offense cannot, however, be overlooked or addressed with a sentence that does not involve a period of active incarceration. While each factor under 18 U.S.C. § 3553(a) must be considered in fashioning an appropriate sentence, the United States would highlight the need for this sentence to impose just punishment on Ms. Planch and provide a significant deterrent both to her and others. A sentence at the low-end of the applicable guidelines range will satisfy all the purposes of sentencing.

**V.**  **<u>Conclusion</u>**

For three years, Ms. Planch chose to steal large sums of money from her family's business – which she then hid from the IRS. Though she perhaps was driven by a misguided sense of entitlement to these funds, it does not mitigate the seriousness of her offense. The length of time she engaged in this fraud, the substantial sum of money she stole, and her actions to attempt to deflect responsibility for her theft warrant a significant sentence. Taking all the Section 3553(a) factors into account, the government respectfully submits that a sentence at the

---

[1] The parties will present an agreed restitution order to the court at sentencing on November 15, 2016.

low-end of the applicable guidelines range is sufficient, but not greater than necessary, in this case.

                                      Respectfully submitted,

                                      Dana J. Boente
                                      United States Attorney

By:      /s/
                                      V. Kathleen Dougherty
                                      Assistant United States Attorney
                                      Attorney for the United States
                                      United States Attorney's Office
                                      101 West Main Street, Suite 8000
                                      Norfolk, VA 23510
                                      Office Number: 757-441-6331
                                      Facsimile Number: 757-441-6689
                                      V.Kathleen.Dougherty@usdoj.gov

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 8th day of November, 2016, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification to the following:

Franklin A. Swartz, Esq.
Swartz, Taliaferro, Swartz, and Goodove, P.C.
220 West Freemason Street
Norfolk, VA 23510

I HEREBY CERTIFY that on this 8th day of November, 2016, I mailed a true and correct copy of the foregoing to the following:

Jeffrey A. Noll
Senior U.S. Probation Officer
827 Diligence Drive, Suite 210
Newport News, Virginia 23606

/s/
V. Kathleen Dougherty
Assistant United States Attorney
United States Attorney's Office
101 West Main Street, Suite 8000
Norfolk, VA 23510
Office Number: 757-441-6331
Facsimile Number: 757-441-6689
V.Kathleen.Dougherty@usdoj.gov